**VIRGINIA:**

### IN THE CIRCUIT COURT FOR CAMPBELL COUNTY

| | |
|---|---|
| SARAH BROGGIN,<br>104 Daniel St, Apt. A<br>Brookneal, VA<br><br>  Plaintiff,<br><br>vs.<br><br>ATLANTIC HOUSING FOUNDATION, INC.<br>d/b/a WATERS AT JAMES CROSSING<br>APARTMENTS<br>4770 Iberia Avenue, Suite 100<br>Dallas, Texas 75207<br><br>and<br><br>ATLANTIC HOUSING<br>MANAGEMENT, LLC,<br>5910 Central Expressway, Suite 1310<br>Dallas, Texas 75296<br><br>and<br><br>YVONNE BAXTER, individually<br>and as agent to Waters at James Crossing<br>Apartments,<br><br>Defendants. | CIVIL ACTION NO. _____<br><br>CL24-1325<br><br>VIRGINIA<br>CIRCUIT COURT<br>CAMPBELL COUNTY<br>Received and Filed this the<br>5 day of August, 2024<br>VALERIE P. YOUNGER, CLERK<br>Teste: _____<br>          Deputy Clerk |

### COMPLAINT

COMES NOW, SARAH BROGGIN (hereinafter "Plaintiff"), by and through counsel, and files this Complaint against Defendants (1) ATLANTIC HOUSING FOUNDATION, INC. d/b/a WATERS AT JAMES CROSSING APARTMENTS; (2) ATLANTIC HOUSING MANAGEMENT, LLC, and (3) YVONNE BAXTER, individually and as agent to Waters at

James Crossing Apartments, and alleges:

## THE PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages that exceeds twenty-five thousand dollars ($25,000), exclusive of interest, costs, and attorneys' fees.

2. At all times material hereto, Plaintiff resided in Campell County, Virginia, living at Waters at James Crossing Apartments, 836 Greenfield Drive, Apt 118, Lynchburg, VA 24501 (hereinafter "Property"), where Plaintiff occupied the residence both as a residential tenant and invitee.

3. At all times material hereto, the Defendant, ATLANTIC HOUSING FOUNDATION, INC d/b/a WATERS AT JAMES CROSSING APARTMENTS ("Atlantic"), was a foreign corporation, situated in the State of Texas, and doing business in the State of Virginia. In 2019, Atlantic purchased the Property, which it operated as a commercial rental property and apartment complex. At all times relevant herein, Atlantic owned, possessed, secured, controlled, operated, managed, leased, maintained, repaired, and/or supervised the apartments, including all common areas, located at the Property and/or had the right(s) to own, possess, secure, control, operate, manage, lease, maintain, repair, and/or supervise the Property. Defendant Atlantic had the duty and had the authority, discretion, and responsibility for the day-to-day operation and management of the premises, including the supervision, hiring, and firing of employees and/or agents in furtherance of the business at the Waters at James Crossing Apartments and ensuring that the property and its tenants were reasonably safe from foreseeable harm. Further, Defendant Atlantic had a duty to comply with all requirements of applicable building and housing codes, make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition, keep all common areas of the premises in a reasonably safe and clean

condition, and maintain in reasonably good and safe working order and condition all electrical, gas, lighting, ventilation, and fire detection/suppression systems. Defendant Atlantic also had a duty to make the premises, its common areas, and its tenants safe from fire hazards, including conditions that prevented its tenants from safely entering and exiting the apartment building. Further, the Defendant was under a duty to advise, discuss, inform, and/or counsel the tenants of the Waters at James Crossing Apartments, including the Plaintiffs, of any dangerous conditions known or reasonably foreseen. Defendant Atlantic caused or contributed to the subject fire and the injuries and damages suffered by the Plaintiffs.

4. At all times material hereto, the defendant, ATLANTIC HOUSING MANAGEMENT, LLC ("Management"), was a foreign limited liability company, situated in the State of Texas, and doing business in the State of Virginia. At all times relevant herein, Management owned, possessed, secured, controlled, operated, managed, leased, maintained, repaired, and/or supervised the apartments, including all common areas, located at the Property and/or had the right(s) to own, possess, secure, control, operate, manage, lease, maintain, repair, and/or supervise the Property. Defendant Management had the duty and had the authority, discretion, and responsibility for the day-to-day operation and management of the premises, including the supervision, hiring, and firing of employees and/or agents in furtherance of the business at the Waters at James Crossing Apartments and ensuring that the property and its tenants were reasonably safe from foreseeable harm. Further, Defendant Management had a duty to comply with all requirements of applicable building and housing codes, make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition, keep all common areas of the premises in a reasonably safe and clean condition, and maintain in reasonably good and safe working order and condition all electrical, gas, lighting, ventilation, and

fire detection/suppression systems. Defendant Management also had a duty to make the premises, its common areas, and its tenants safe from fire hazards, including conditions that prevented its tenants from safely entering and exiting the apartment building. Further, the Defendant was under a duty to advise, discuss, inform, and/or counsel the tenants of the Waters at James Crossing Apartments, including the Plaintiffs, of any dangerous conditions known or reasonably foreseen. Defendant Management caused or contributed to the subject fire and the injuries and damages suffered by the Plaintiffs.

5. At all times material hereto, the defendant, YVONNE BAXTER (hereinafter "Baxter"), an individual, was a resident of the State of Virginia. At all times relevant hereto, Defendant Baxter was the property manager and landlord at the Property and had a duty to inspect, install, maintain, replace, and/or provide all reasonable and necessary fire safety products and/or equipment at the Property and had the authority, discretion, and responsibility to purchase, install, inspect, test, replace, and/or provide Plaintiff with properly functioning fire safety products and/or equipment. Further, Defendant Baxter was under a duty to advise, discuss, inform, counsel, and/or replace any missing or faulty smoke alarms, fire extinguishers, and fire safety products and equipment at the Property. Defendant Baxter also had a duty to make the Property safe from all known safety hazards. At all times material hereto, Property Manager was acting individually and by and through its employees, actual agents or apparent agents, or representatives and was responsible for the operation, management, care, and maintenance of the Property, residential units on the Property, and the health, safety, and well-being of residential tenants and invitees, including the Plaintiff, while on the Property. Defendant Baxter is being sued individually for her own independent negligence and for her negligence committed in the course and scope of her employment with Defendants Atlantic and Management under the doctrine of *respondeat superior*.

6. At all times material hereto, the Defendants conducted substantial, and not isolated, business in Campbell County, Virginia.

7. Venue is proper in Campbell County, Virginia, as the subject incident occurred in Lynchburg, Campbell County, Virginia.

8. There is no Federal question and there is incomplete diversity of citizenship due to the inclusion of Virginia resident Defendants. Plaintiff expressly disclaims every claim arising under the Constitution, treaties, or laws of the United States (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised.

## FACTS

9. The Waters at James Crossing Apartments is a residential community consisting of one-, two-, and three-bedroom apartments in multiple three-story buildings.



10. At all times material hereto, Plaintiff rented a one-bedroom apartment from Defendants on the third story (3rd) at the Property.

11. On or about June 6, 2023, a fire occurred in a unit on the 1st story directly below the Plaintiff's apartment. The cause and origin of the subject fire was ruled as Undetermined. Alternatively, the cause of the fire was faulty equipment and/or wiring that was installed, inspected, and/or maintained by the Defendants.

12. The Plaintiff did not cause or contribute to the ignition or spread of the subject fire.

13. For nearly an hour, the fire on the first floor smoldered and created heavy smoke that gradually filled the apartments and stairwells below Plaintiff. During that time, no smoke alarm or alarm system activated.

14. With no warning of the deadly smoke and fire below her, Plaintiff became trapped in her third story apartment with no means to escape. First responders pulled Plaintiff from the fire and smoke using their ladder. Though Plaintiff survived, she suffered deadly burns and trauma injuries to her body.

15. At all times material hereto, Defendants owed Plaintiff a duty to exercise reasonable care for her safety to have an adequate fire alarm system, smoke alarms, fire extinguishers, and safe paths of egress at the Property in case of a fire. The Defendants failed to provide any of these basic fire safety devices and procedures.

16. The Defendants knew or should have known that the Property and its units, including the Plaintiff's apartment, lacked reasonable, necessary, and mandatory fire detection, fire notification, and fire suppression devices, which were either missing, broken, expired, improperly installed and/or inoperable.

17. Further, the Defendants knew or should have known in the exercise of reasonable care that dangerous conditions existed on the Property in the form of fire and safety hazards.

18. The likelihood of injury and death due to fire and safety hazards to individuals on and around the Property was reasonably foreseeable to the Defendants, and they were obliged to exercise reasonable care to provide basic life safety devices and a safe premises for the residential tenants and invitees, including the Plaintiff, at the Property.

19. At the time of the fire and all times relevant, the Property was not equipped with properly functioning smoke alarms, other fire safety products, equipment and standards, appliances, HVAC systems, and/or electrical wiring, lines, or electrical power sources, and the apartment complex and its buildings, including the Plaintiff's, did not meet or comply with state, local, and/or national fire codes, statutes, and/or ordinances. As a result, the Plaintiff was not properly warned of smoke and fire and was at all times relevant at a greater risk for injuries caused by a fire.

20. The fire was the direct and proximate cause of the injuries to Plaintiff, who suffered mental and physical injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, and the expense of hospitalization and rehabilitation, medical, nursing care and treatment. Plaintiff has incurred substantial medical expenses and lost wages. Her losses are either permanent or continuing and she will suffer the losses in the future.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE
### ATLANTIC HOUSING FOUNDATION, INC

21. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

22. As owner of a residential property, the Defendant had a non-delegable duty to

maintain the Property and residential units within the Property in a reasonably safe condition and to provide for the safety and security of residential tenants and invitees, including Plaintiff, while on the Property.

23. The Defendant knew or should have known in the exercise of reasonable care that dangerous conditions existed on the Property in the form of fire and safety hazards.

24. The Defendant failed to adhere to the appropriate standard for hiring, training, and supervising managers, employees, landlords, maintenance, or personnel who worked at the Property.

25. The Defendant failed to inspect and maintain the Property so that it was kept in a reasonably safe condition for residential tenants and invitees, including Plaintiff.

26. The Defendant breached their duty and failed to properly select, supervise, repair, maintain, use, test, and/or inspect the Property, including but not limited to the smoke alarms, fire safety practices and procedures, other fire safety products and equipment, appliances, HVAC systems, electrical wiring, lines, and/or electrical power sources at the Property. This proximately caused and/or contributed to the fire and the resulting damages and injuries suffered by the Plaintiff.

27. The Defendant failed to take actions to reduce, minimize, or eliminate foreseeable risks before they could manifest themselves as particularly dangerous conditions on the Property.

28. The Defendant failed to adhere to the appropriate standard of care and failed to act reasonably in the operation, management, care, and maintenance of the Property and further failed to act reasonably with respect to ensuring the safety and well-being of residential tenants and invitees, including Plaintiff, while on the Property.

29. The Defendant failed to install, repair, maintain, and/or replace the proper type of smoke detection devices and systems within the Property and further failed to install smoke

detection devices in the proper number and location for that Property.

30. The Defendant failed to provide, install, inspect, repair, and/or maintain adequate fire safety products and equipment, smoke alarms/detectors, fire extinguishers, and a safe entrance and egress from the Property.

31. At all times material hereto, Plaintiff received no warning of the subject fire from a properly installed smoke alarm and/or fire alarm system and/or fire safety device and had no access to a properly mounted and/or maintained fire extinguisher.

32. Atlantic is also responsible for the negligent acts of its employees, actual agents or Apparent agents, or representatives, including Management and Baxter, who were acting in the course and scope of the employment and in furtherance of the interests of Atlantic.

33. As a result of these and other acts or omissions of Defendant, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

### COUNT II – NEGLIGENCE PER SE / STRICT LIABILITY
### ATLANTIC HOUSING FOUNDATION, INC

34. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

35. The Defendant failed to comply with Virginia codes and statutes, local codes and ordinances, the Virginia Statewide Fire Prevention Code, the Virginia Uniform Statewide Building Code and violated the Virginia Residential Landlord Tenant Act and the implied Warranty of Habitability, all of which establish a duty of reasonable care for the benefit of residential tenants, including the Plaintiff.

36. The purpose of the aforementioned local and State laws, codes, and standards is to protect individuals such as Plaintiff from injury. Plaintiff is a member of the class of persons

protected by the local and state laws, codes, acts and standards related to habitability, the installation, maintenance, inspection, repair, servicing, and/or testing of fire safety products and equipment, smoke alarms/detectors, fire extinguishers, safe entrance and egress by property owners, property managers, landlords, security, and/or property maintenance.

37. As a result of these and other acts or omissions of Defendant, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

## COUNT III – NEGLIGENCE
### ATLANTIC HOUSING MANAGEMENT, LLC

38. Plaintiff re-alleges and incorporates by reference paragraphs 1-33.

39. As Manager of a residential property, the Defendant had a non-delegable duty to maintain the Property and residential units within the Property in a reasonably safe condition and to provide for the safety and security of residential tenants and invitees, including Plaintiff, while on the Property.

40. The Defendant knew or should have known in the exercise of reasonable care that dangerous conditions existed on the Property in the form of fire and safety hazards.

41. The Defendant failed to adhere to the appropriate standard for hiring, training, and supervising employees, maintenance, or personnel who worked at the Property.

42. The Defendant failed to inspect and maintain the Property so that it was kept in a reasonably safe condition for residential tenants and invitees, including Plaintiff.

43. The Defendant failed to take actions to reduce, minimize, or eliminate foreseeable risks before they could manifest themselves as particularly dangerous conditions on the Property.

44. The Defendant failed to adhere to the appropriate standard of care and failed to act reasonably in the operation, management, care, and maintenance of the Property and further failed to act reasonably with respect to ensuring the safety and well-being of residential tenants and invitees, including Plaintiff, while on the Property.

45. The Defendant failed to install, repair, maintain, and/or replace the proper type of smoke detection devices within the Property and further failed to install smoke detection devices in the proper number and location for that Property.

46. The Defendant failed to provide, install, inspect, repair, and/or maintain adequate fire safety products and equipment, smoke alarms/detectors, fire extinguishers, and a safe entrance and egress from the Property.

47. At all times material hereto, the Plaintiff received no warning of the subject fire from a properly installed smoke alarm and/or fire alarm system and/or fire safety device and had no access to a properly mounted and/or maintained fire extinguisher.

48. Management is also responsible for the negligent acts of its employees, actual agents or apparent agents, or representatives, including Defendant Baxter, who were acting in the course and scope of the employment and in furtherance of the interests of Management.

49. As a result of these and other acts or omissions of Defendant, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

## COUNT IV – NEGLIGENCE PER SE / STRICT LIABILITY
## ATLANTIC HOUSING MANAGEMENT, LLC

50. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

51. The Defendant failed to comply with Virginia codes and statutes, local codes and ordinances, the Virginia Statewide Fire Prevention Code, the Virginia Uniform Statewide Building Code and violated the Virginia Residential Landlord Tenant Act and the implied Warranty of Habitability, all of which establish a duty of reasonable care for the benefit of residential tenants, including the Plaintiff.

52. The purpose of the aforementioned local and State laws, codes, and standards is to protect individuals such as the Plaintiff from injury. The Plaintiff is a member of the class of persons protected by the local and state laws, codes, acts and standards related to habitability, the installation, maintenance, inspection, repair, servicing, and/or testing of fire safety products and equipment, smoke alarms/detectors, fire extinguishers, safe entrance and egress by property owners, property managers, landlords, security, and/or property maintenance.

53. As a result of these and other acts or omissions of Defendant, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

## COUNT V – NEGLIGENCE – BAXTER

54. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

55. As the Property Manager of a residential property, the Defendant had a non-delegable duty to maintain the Property and residential units within the Property in a reasonably safe condition and to provide for the safety and security of residential tenants and invitees,

including Plaintiff, while on the Property.

56. The Defendant knew or should have known in the exercise of reasonable care that dangerous conditions existed on the Property in the form of fire and safety hazards.

57. The Defendant failed to adhere to the appropriate standard for hiring, training, and supervising employees, maintenance, or personnel who worked at the Property.

58. The Defendant failed to inspect and maintain the Property so that it was kept in a reasonably safe condition for residential tenants and invitees, including Plaintiff.

59. The Defendant failed to take actions to reduce, minimize, or eliminate foreseeable risks before they could manifest themselves as particularly dangerous conditions on the Property.

60. The Defendant failed to adhere to the appropriate standard of care and failed to act reasonably in the operation, management, care, and maintenance of the Property and further failed to act reasonably with respect to ensuring the safety and well-being of residential tenants and invitees, including Plaintiff, while on the Property.

61. The Defendant failed to install, repair, maintain, and/or replace the proper type of smoke detection devices within the Property and further failed to install smoke detection devices in the proper number and location for that Property.

62. The Defendant failed to provide, install, inspect, repair, and/or maintain adequate fire safety products and equipment, smoke alarms/detectors, fire extinguishers, and a safe entrance and egress from the Property.

63. At all times material hereto, Plaintiff received no warning of the subject fire from a properly installed smoke alarm and/or fire alarm system and/or fire safety device and had no access to a properly mounted and/or maintained fire extinguisher.

64. Property Manager is also responsible for the negligent acts of its employees, actual agents or apparent agents, or representatives, who were acting in the course and scope of the employment and in furtherance of the interests of Baxter and Defendants.

65. As a result of these and other acts or omissions of Defendant, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

## COUNT VI – NEGLIGENCE PER SE / STRICT LIABILITY
## DEFENDANT BAXTER

66. Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

67. The Defendant failed to comply with Virginia codes and statutes, local codes and ordinances, the Virginia Statewide Fire Prevention Code, the Virginia Uniform Statewide Building Code and violated the Virginia Residential Landlord Tenant Act and the implied Warranty of Habitability, all of which establish a duty of reasonable care for the benefit of residential tenants, including the Plaintiff.

68. The purpose of the aforementioned local and State laws, codes, and standards is to protect individuals such as the Plaintiff from injury. The Plaintiff is a member of the class of persons protected by the local and state laws, codes, acts and standards related to habitability, the installation, maintenance, inspection, repair, servicing, and/or testing of fire safety products and equipment, smoke alarms/detectors, fire extinguishers, safe entrance and egress by property owners, property managers, landlords, security, and/or property maintenance.

69. As a result of these and other acts or omissions of Defendant, Plaintiff was caused to and did sustain severe and serious injuries and was required to seek and obtain medical care and

attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an award in Plaintiff's favor, and against Defendants, as follows:

a. Plaintiff be awarded damages in the amount of $5,000,000.00 for future medical care and treatment; medical, hospital, doctors, and other treatment related expenses incurred; property damage/loss and loss of use of property; attorney's fees, costs, and disbursements of this action, with interest from the date of this incident; as well as prejudgment and post judgment interest as allowed by law; and

b. Such other and further relief as the Court deems just and proper.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

*/s/ Christopher Getty*

Christopher Getty
VSB# 96436
Morgan & Morgan, DC PLLC
1901 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Email: cgetty@forthepeople.com
Phone: (202) 772-0587
Fax: (202) 772-0637
*Counsel for Ms. Shaffer*