CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/29/2025
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| SARAH BROGGIN,<br><br>                    *Plaintiff,*<br><br>v.<br><br>ATLANTIC HOUSING FOUNDATION, INC. D/B/A WATERS AT JAMES CROSSING APARTMENTS AND ATLANTIC HOUSING MANAGEMENT, LLC AND YVONNE BAXTER, INDIVIDUALLY AND AS AGENT TO WATERS AT JAMES CROSSING APARTMENTS<br><br>                    *Defendants.* | CASE NO. 6:25-CV-00013<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

       Plaintiff Sarah Broggin alleges Atlantic Housing Foundation Inc. ("AHF") and Atlantic Housing Management LLC ("AHM") (jointly, "Defendants") were negligent *per se* for her personal injuries and property damage stemming from a rental property fire. Dkt. 1-3 ¶¶ 35, 51, 69. Defendants move to dismiss three negligence *per se* claims: (i) Count II against AHF; (ii) Count IV against AHM.; and (iii) Count VI against Yvonne Baxter,[1] who was the Property Manager at the time of the fire. Dkt. 1-3 ¶¶ 35, 51, 65, 69. Broggin also argues there is not complete diversity of the parties, requiring remand. Dkt. 1-5 ¶ 5. For the reasons stated below, the Court finds the case to be properly removed and will grant Defendants' motion to dismiss

---

[1] Of note, Baxter has not filed any responsive pleadings in this case, and no counsel has entered an appearance as her representative at the time of August 28, 2025. Defendants' Notice of Removal states they "are not aware of proper service on Yvonne Baxter." Dkt. 1 ¶ 13. Broggin **has not** moved for default regarding Baxter's lack of response.

Counts II, IV, and VI with prejudice as to the Virginia Residential Landlord and Tenant Act, and will grant Defendants' motion to dismiss Counts II, IV, and VI without prejudice as to all other statutes.

## BACKGROUND

Broggin rented and lived in a one-bedroom apartment at the Woods at James Crossing Apartments, a complex owned and operated by AHM.[2] Dkt. 1-3 ¶ 10. Her apartment was on the third floor. *Id.* On or about June 6, 2023,[3] a unit on the first floor of Broggin's building caught fire, creating heavy smoke and trapping her for almost an hour until she was rescued by first responders. *Id.* ¶¶ 11, 13-14. No smoke alarms went off during the blaze. *Id.* ¶ 13. Broggin alleges that Defendants "failed to provide . . . basic fire safety devices" and that the Property "lacked reasonable . . . fire detection" in both her apartment and other units. *Id.* ¶¶ 15-16.

Upon investigation, the fire's cause and origin was ruled as undetermined,[4] though Broggin alternatively offers "faulty equipment and/or wiring" as a cause. *Id.* ¶ 11. Without providing additional detail, Broggin alleges she "suffered deadly burns and trauma injuries" as well as "substantial medical expenses and lost wages." *Id.* ¶¶ 14, 20. Broggin alleges Defendants "failed to comply with Virginia codes and statutes, local codes and ordinances, the Virginia Statewide Fire Prevention Code, the Virginia Uniform Statewide Building Code, and violated the Virginia Residential Landlord Tenant Act and the implied Warranty of Habitability." *Id.* ¶¶ 35, 51, 67. Broggin does not allege Defendants violated specific statutory or code provisions in her complaint.

---

[2] Broggin's address, according to Defendants, was 836 Greenfield Drive, Apt. 11, Lynchburg, Virginia ("Property"). Dkt. 4-1 at 1.
[3] Broggin's response contends the fire occurred June 8, 2023. Dkt. 8-1 ¶ 1.
[4] Broggin does not allege who investigated the fire to make the causal determination.

2

## LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all its allegations taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Although the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (quotation marks omitted). This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics," instead the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (providing that "only a complaint that states a plausible claim for relief survives a motion to dismiss").

## ANALYSIS

### I. The Court finds removal of the claim to be proper.

The Court finds the removal of this case to be proper under 28 U.S.C. § 1332. Broggin initially filed this case in Campbell County Circuit Court. Dkt. 1-3 at 1. AHF removed the case claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332, claiming an amount in controversy of $2,500,000 and complete diversity of the parties. Dkt. 1 ¶ 6-10. According to Defendants, AHF and AHM are South Carolina and Texas citizens, while Baxter is a North Carolina citizen.

*Id.* ¶ 7, 9. However, Broggin asserts Baxter is a Virginia citizen which, if true, would destroy the complete diversity of the parties and would require the Court to remand the case. Dkt. 1-3 ¶ 5. This Court issued an order for Defendants to show cause as why the case should not be remanded for lack of subject matter jurisdiction. Dkt. 12. In their response, defendants argue that Baxter's "personnel records" and voter's registration demonstrate her North Carolina citizenship. Dkt. 15 at 1, 3.[5] As voter registration and current residence are relevant factors when determining a party's citizenship, and absent contrary evidence from Broggin, this Court finds Baxter is a North Carolina citizen. *See Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017). Therefore, the parties are completely diverse, and removal was proper under 28 U.S.C. § 1332.

## II. The Court will grant Defendants' Motion to Dismiss Counts II, IV, and VI without prejudice as to the Virginia Uniform Statewide Fire Prevention Code ("SFPC") and the Virginia Uniform Statewide Building Code ("USBC").

### A. Broggin's allegations fail to plead code violations with particularity.

To state a negligence *per se* claim under Virginia law, a plaintiff must allege "(1) that there was a statute or an ordinance; (2) that the injured party was within the class of persons for whose protection or benefit the statute was designed; (3) that the harm which occurred was the type of harm the statute was designed to protect against; and (4) that the violation of the statute must have been the proximate cause of the injury." *See Cooper v. Ingersoll Rand Co.*, 628 F. Supp. 1488, 1493 (W.D. Va. 1986) (citing *Hamilton v. Glemming,* 187 Va. 309, 316, 46 S.E.2d 438, 442 (1948)). "[I]t is . . . well established that the violation of a statute constitutes negligence *per se*;" yet the doctrine is "not a magic transforming formula that automatically creates a private right of action for the civil enforcement, in tort law, of every statute." *See Beasley v.*

---

[5]  Baxter did not join the response to the show cause order. Dkt. 15.

*Bosschermuller*, 206 Va. 360, 365 (1965) (citing *Smith v. New Dixie Lines*, 201 Va. 466, 470 (1959)); *Talley v. Danek Med. Inc.*, 179 F.3d 154, 158 (4th Cir. 1999). A statutory provision must "dictate a standard of care" in order to "provide a basis for establishing negligence *per se*." *Talley*, 179 F.3d at 159.

In her complaint, Broggin alleges a laundry list of statutory violations—from the nebulous "local codes and ordinances" to the more specific "Virginia Statewide Fire Prevention code." Dkt. 1-3 ¶¶ 35, 51, 67. In her fifteen-page complaint, Broggin fails to allege that Defendants violated specific statutory provisions or sections. Broggin attempts to overcome this failure by arguing that she "specifically allege[s] that Defendants violated the Virginia Statewide Fire Prevention Code, the Virgina Uniform Statewide Building code and violated the Virginia Residential Landlord Tenant Act." Dkt. 8-1 ¶ 8. Yet, Broggin also admits that "specific sections of these codes and statutes are not identified in [her] complaint." *Id.* ¶ 11.

Broggin's threadbare allegations are "mere labels and conclusions" that do not survive 12(b)(6). *Twombly*, 550 U.S. at 555. By failing to allege the provisions that Defendants violated, Broggin asks the Court to stand in her shoes and substitute its judgment as to which code provisions apply to Defendants' alleged violations. The Court refuses to do so, and instead, dismisses her claims.

### B. Violations of the SFPC and USBC need not comply with notice requirements to be considered violations under negligence per se.

Defendants encourage this court to dismiss Broggin's claims with prejudice as to the SFPC and USBC due to Broggin's "failure to plead the existence of an actual violation." Dkt 4-1 at 4. For the SFPC, Defendants argue Broggin "does not plead that the Lynchburg Fire Marshal was notified" and "does [not] plead that the Lynchburg Fire Marshal investigated"—failures that require dismissing her claim with prejudice. *Id.* at 5. For the USBC, Defendants argue that

Broggin "does not plead that the Lynchburg Department of Code Compliance was notified of the purported USBC violations"—another failure that requires dismissing her claim with prejudice. *Id.* The Court disagrees as to both statutes.

District courts have broad discretion to dismiss claims under Rule 12(b)(6). However, the Fourth Circuit counsels against broadly denying a plaintiff's leave to amend. *See Crawford v. Senex Law PC*, 259 F. Supp. 3d 464, 475 (W.D. Va. 2017) ("In the Fourth Circuit, a district court may deny leave to amend only when such leave would cause undue prejudice to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.") (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). As Broggin's SFPC and USBC claims do not fall into these categories, the Court dismisses them without prejudice.

The Virginia Uniform State Building Code ("USBC") is a statewide code that governs building safety. Va. Code § 36-98. The USBC grants enforcement power to "the local building department" of each municipality. *Id.* § 36-105(A). These departments conduct inspections and enforce the safety codes and provisions of the USBC. *Id.* § 36-105(C). Affected parties bring alleged violations to the local building departments, who then inspect and pursue enforcement actions. *Id.* USBC violations "shall be deemed . . . misdemeanor[s]" punishable by fine. *Id.* § 36-106.

Defendants argue Broggin's failure to allege a USBC violation by failing to "plead that the Lynchburg Code of Compliance was notified . . . [or] investigated and found Defendant to be in violation of any USBC section" requires the Court to dismiss her negligence *per se* claims with prejudice. Dkt. 4-1 at 6. Yet, in making this argument, Defendants overlook Virginia Supreme Court precedent that allows negligence *per se* claims based on the USBC to survive

6

even when they do not contain explicit allegations regarding reports and inspections by local building departments.

For example, in *McGuire v. Hodges*, the Virgina Supreme Court reinstated final judgment for McGuire's negligence *per se* claim stemming from an accidental drowning. 639 S.E.2d 284, 288-89 (Va. 2007). Hodges failed to properly implement and secure the chain around her pool's fence, violating the USBC. *Id.* at 287. The Virginia Supreme Court concluded the "evidence was clearly sufficient" to reinstate Hodges' liability on the negligence *per se* claim as her faulty latch "violated the Building Code." *Id.* at 288-89. The Court did not require notification to the local governing body and a subsequent investigation to reinstate Hodges' liability. *Id.*

Likewise, in *Va. Elec. & Power Co. v. Savoy Constr. Co.*, the Virginia Supreme Court reversed the trial court's verdict on a negligence *per se* claim stemming from a fire and explosion at a pollution plant. 294 S.E.2d 811, 812 (Va. 1982). Savoy installed faulty conduits which caused the fire. *Id.* Even though the installation occurred before the project finished, Savoy was "in violation of the Building Code as a matter of law" and thus was "negligent *per se* in failing to plug and seal the conduits." *Id.* at 817. As in *McGuire*, the Virginia Supreme Court did not require notification to the local governing body and a subsequent investigation in coming to this conclusion.

The Virginia Supreme Court does not require notification and an investigation by the local governing body in order to find negligence *per se* based on a USBC violation. Neither will we. Defendants' motion to dismiss is thus granted without prejudice as to the USBC, allowing Broggin thirty (30) days to amend her complaint.

The Virginia Statewide Fire Prevention Code ("SFPC") functions similarly to the USBC. The SFPC is a statewide maintenance code that "prescribe[s] regulations . . . for the protection of

7

life and property from the hazards of fire or explosion." 13 Va. Admin. Code § 5-52-10. Although the code does not contain a private right of action, the SFPC is enforced by "any local government" and the State Fire Marshal. *Id*. § 5-52-40. Local governments appoint a "fire official" to oversee inspections and compliance with the SFPC. *Id.* §§ 5-52-50, 60. If a fire official discovers an alleged violation, they "shall prepare a written notice citing the section allegedly violated, describing the condition deemed unsafe, and specifying time limitations . . . to render the . . . premises safe and secure." *Id.* § 5-52-111.1. Fire officials "shall request the legal counsel of the local governing body" to ensure compliance and pursue sanctions if an alleged violation is not timely cured. *Id.* § 5-52-111.3. SPFC violations are punished as Class 1 misdemeanors. Va. Code § 27-100.

Echoing their USBC arguments, Defendants assert that Broggin's failure to plead notification to or investigation by the Lynchburg Fire Marshal requires dismissal of Broggin's negligence *per se* claims with prejudice as additional time could not cure the defects. Dkt. 4-1 at 5. We disagree. Although Virginia law is silent as to the relationship between the SFPC and negligence *per se* claims, we extend the reasoning above from the USBC cases to the SFPC. A failure to plead proper procedure is insufficient to bar Broggin from amending her claim. As such, Counts II, IV, and VI are dismissed without prejudice as to the SFPC, and Broggin will have thirty (30) days to amend her complaint.

### C. The Court will grant Defendants' Motion to Dismiss Counts II, IV and VI with prejudice as to the Virginia Residential Landlord Tenant Act.

Defendants petition the Court to dismiss Broggin's claim under the Virginia Residential Landlord and Tenant Act with prejudice as the VRLTA "does not, and cannot, establish . . . a common law duty "in tort." Dkt. 4-1 at 7. The Court agrees.

The VRLTA governs relationships between tenants and landlords throughout the

8

Commonwealth, setting standard lease terms; governing landlord and tenant obligations; and enumerating remedies from rental agreements. Va. Code §§ 55.1-1200 *et. seq*. However, the Virginia Supreme Court has explicitly rejected the assertion that the VRLTA creates any landlord tort duty. *See Isabell v. Com. Inv. Assocs.*, 273 Va. 605, 614 (2007) ("[T]he General Assembly did not plainly manifest an intention, either through express language or by necessary implication, to . . . make a landlord liable in tort for a tenant's personal injuries sustained on leased premises"). As alleging a tort duty is an element for Virginia negligence *per se* cases, "the VRLTA provides no basis for a negligence *per se* claim." *See Steward v. Holland Fam. Props.*, No. 11-0113, at *4 (Va. 2012) (unpublished); *Cooper*, 628 F. Supp. at 1493. Broggin's negligence *per se* claim as to the VRLTA, thus, cannot be cured through amendment and is dismissed with prejudice.

## CONCLUSION

For the above reasons, Defendants' motion to dismiss will be **GRANTED** in an accompanying order. Counts II, IV, and VI relating to the Virginia Uniform Fire Prevention Code and the Virginia Uniform Building Code will be dismissed without prejudice. Dkt. 4. Counts II, IV, and VI relating to the Virginia Residential Landlord and Tenant Act will be dismissed with prejudice. *Id*. Plaintiff has thirty (30) days to file an amended complaint.

It is so **ORDERED.**

The Clerk of Court is directed to send this Memorandum Opinion to all counsel of record. Entered this __29th__ day of August, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE