CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/20/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| SARAH BROGGIN, | |
| *Plaintiff,* | CASE NO. 6:25-CV-00013 |
| v. | |
| ATLANTIC HOUSING FOUNDATION, INC., ET AL., | MEMORANDUM OPINION AND ORDER |
| *Defendants.* | |
| | JUDGE NORMAN K. MOON |

Plaintiff Sarah Broggin ("Broggin") was seriously injured in an apartment fire. She is suing her landlord and her landlord's property manager (collectively, "Defendants") for negligence and negligence *per se* based on how they maintained the property and its fire monitoring equipment. Defendants have moved to strike Paragraph 15 of the second amended complaint and two attached exhibits, Dkt. 36, and have also moved to dismiss Broggin's negligence *per se* claims (Counts II and IV). Both motions will be denied.

## I.     BACKGROUND

On June 6, 2023, a fire broke out in a first-floor apartment at the Waters at James Crossing Apartments ("James Crossing Apartments"). Dkt. 33 ¶ 12. Broggin lived in a third-floor unit directly above where the fire started. *Id.* ¶¶ 11, 12. For nearly an hour, the fire on the first floor smoldered and created heavy smoke that gradually filled the first and second-floor apartments and stairwells. *Id.* ¶ 14. During that time, no smoke alarm or alarm system sounded to warn Broggin and her fellow residents about the danger. *Id.* In fact, the Fire Investigation Report suggests there were no functioning smoke alarms throughout the entire apartment building. *Id.* ¶ 15; *see also* Dkt. 33-2. Because Broggin had no warning about the deadly smoke and fire below her and no way to

extinguish the fire, she became trapped in her third story apartment. Dkt. 33 ¶ 17. She suffered

severe burns and other physical injuries and is suing Defendants for those alleged harms. *Id.*

## II.   LEGAL STANDARDS

### A.  Motion to Strike

Motions to strike are ordinarily brought pursuant to Federal Rule of Civil Procedure 12(f),

which provides that courts "may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to

strike is to clean up the pleadings, streamline litigation, and avoid necessary forays into immaterial

matters." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp.2d 404, 407 (W.D. Pa. 2011).

However, motions to strike under Rule 12(f) are highly disfavored, and should only be granted if

the redundant, immaterial, impertinent, or scandalous material will prejudice the adverse party.

*See*, *e.g.*, *Trout v. Colormatrix Corp.*, 2013 WL 756340, at *1 (D.S.C. Feb. 26, 2013); *Mitchell v.

First Central Bank, Inc.*, 2008 WL 4145449, at *1 (N.D. W.Va. Sept.8, 2008).

### B.  Motion to Dismiss

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must allege "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). A court must accept plaintiff's factual allegations as true and must draw all reasonable

inferences in the plaintiff's favor. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*,

684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual

allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation

of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.    ANALYSIS

### A.  Exhibits 1 and 2 and Paragraph 15 are material and pertinent.

Defendants move to strike Exhibits 1 and 2 to Broggin's second amended complaint and Paragraph 15 of that pleading. Dkt. 36.  They argue that Exhibit 1—which is a June 22, 2021 report from the City of Lynchburg showing active fire and building code violations at James Crossing Apartments—is "immaterial and impertinent" because it does not specifically reference Broggin's building and is dated two years before the fire. *Id.* at 3. They also assert that Exhibit 2—which is a one-page excerpt of the Fire Investigation Report—is "immaterial" because it is incomplete and fails to provide meaningful context. *Id.* at 4. Defendants also seek to strike paragraph 15 of the second amended complaint for similar reasons.[1]

Defendants do not suggest that Exhibits 1 and 2 or Paragraph 15 are scandalous[2] or redundant.[3] Therefore, their Rule 12(f) motion relies exclusively on immateriality and impertinence. Immaterial matter is "that which has no essential or important relationship to the claim for relief," and, relatedly, impertinent material "consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005). Exhibits 1 and 2 and Paragraph 15 clearly relate to Broggin's claims that Defendants were negligent and negligent *per se* by not maintaining their property in a safe and lawful manner. Specifically, Exhibit 1 shows that Defendants were in violation of the fire and building codes (at least in 2021), which, if unrebutted,

---

[1]    Paragraph 15 states: "The Fire Investigation Report notes there was no extinguishing system at the complex, nor was there evidence of a fire/smoke detector present." Dkt. 33.

[2]    "Scandalous" allegations include those that "cast a cruelly derogatory light on a party to other persons." *CTH 1 Caregiver v. Owens*, 2012 WL 2572044, at *5 (D.S.C. July 2, 2012).

[3]    Redundant allegations are those that "are needlessly repetitive." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1032–33 (C.D.Cal.2002).

could create a permissible inference that those violations or similar violations existed at the time of the fire.[4] Likewise, Exhibit 2 suggests that the fire department official responsible for investigating the June 6, 2023 blaze witnessed four non-functioning fire detectors at the scene. These exhibits support Broggin's theory that she would not have been trapped in a dangerous apartment fire had Defendants complied with their obligations under Virginia law.

Because Defendants have failed to show that Exhibits 1 and 2 and Paragraph 15 "have no possible relation or logical connection to the subject matter of the controversy" and that they "may cause some form of significant prejudice," Defendants have not satisfied Rule 12(f)'s standard to strike and their motion must be denied.[5] *See GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380, 1382 (3d ed. 2004)).

### B.  Broggin has sufficiently alleged negligence *per se*.

Defendants also move to dismiss Broggin's negligence *per se* claims. To state a claim for negligence *per se* under Virginia law, a plaintiff must allege "(1) that there was a statute or an ordinance; (2) that the injured party was within the class of persons for whose protection or benefit the statute was designed; (3) that the harm which occurred was the type of harm the statute was designed to protect against; and (4) that the violation of the statute must have been the proximate cause of the injury." *See Cooper v. Ingersoll Rand Co.*, 628 F. Supp. 1488, 1493 (W.D. Va. 1986)

---

[4]    In discovery and at summary judgment, Defendants may produce evidence that the 2021 fire and building code violations were remedied. But at this stage, the Court must grant Broggin all reasonable inferences—which would include an inference that the violations persisted.

[5]    It is worth noting that Broggin is the master of her complaint. *See Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 728 (4th Cir. 2021). She decides which facts to include and which legal theories to rely upon. *Id.* Her allegations cannot be stricken because Defendants believe they are incomplete or fail to provide meaningful context. Defendants will have an opportunity to tell the complete story (or at least their version of it); but not at this preliminary stage.

(citing *Hamilton v. Glemming*, 187 Va. 309, 316 (Va. 1948)); *see also McKeown v. Rahim*, 446 F.

Supp. 3d 69, 76 (W.D. Va. 2020) (citing *Schlimmer v. Poverty Hunt Club*, 268 Va. 74 (2004)).

Defendants challenge the sufficiency of Broggin's allegations as to the first element—*i.e.*,

the existence of a relevant statute or ordinance that creates a duty. Specifically, they assert that:

1.  The Virginia Statewide Fire Prevention Code ("SFPC") does not apply because Broggin's apartment building was built in 1970 and the SFPC only requires Defendants to maintain the fire equipment and systems that were in place at the time of constructions, Dkt. 35 at 4;

2.  The International Fire Code ("IFC"), which was incorporated by reference into the SFPC, is not an independent source of law and therefore Broggin's IFC claim falls with her SFPC claim, *id.* at 4–5;

3.  Broggin's citation to Part I of the Virginia Uniform Statewide Building Code ("USBC") only applies to new construction and is therefore inapplicable to a building that was constructed in 1970, *id.* at 5–6; and

4.  Any claim premised on the International Building Code ("IBC") does not apply unless the USBC applies, *id.* at 6–7.

Defendants' first argument—that the SFPC does not apply to the apartment building at

issue— must be rejected at this stage. The fact that the apartment building in question was built in

1970 is not a get-out-of-jail-free card. While the SFPC may not require Defendants to install new,

state-of-the-art fire monitoring and suppression systems, the SFPC does require Defendants to

maintain existing fire prevention and safety systems. *See* 13 Va. Admin. Code §§ 5-52-20(C), 5-

552-100(A), (B). Broggin's second amended complaint sufficiently alleges that her apartment

building had some fire safety equipment and that Defendants breached their duty to maintain that

equipment. *See*, *e.g.*, Dkt. 33 ¶¶ 16, 18–25, 43. For example, Exhibit 1 to the second amended

complaint shows that the City of Lynchburg cited Defendants for violations of the SFPC and the

USBC, which creates a permissible inference that Defendants had some duties under those state

codes and breached those duties. Dkt. 33-1. Similarly, Exhibit 2 references four smoke detectors

5

at the scene of the fire that appeared to be broken, suggesting that the safety equipment existed but was not properly maintained by Defendants. Dkt. 33-2. At this stage, Broggin is not required to allege anything more to state a claim for negligence *per se* based on the SFPC.

Because Broggin's SPFC allegations are sufficient for Counts II and IV to proceed to discovery, the Court declines to address Defendants' other Rule 12(b)(6) arguments at this time.[6] If, at the conclusion of discovery, Defendants believe Broggin has no evidence that Defendants violated the USBC or IBC, it can present its arguments at summary judgment.

Finally, Defendants suggest in passing that Broggin violated Rule 11 by bringing her negligence *per se* claims. Dkt. 35 at 7–8. Obviously, given the disposition of Defendants' motion to dismiss, the Court disagrees. Therefore, the Court will not be awarding Defendants any attorneys' fees or costs at this time.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motions to strike (Dkt. 36) and dismiss (Dkt. 35) are **DENIED**, and the hearing scheduled for April 1, 2026 is cancelled.

The Clerk shall provide a copy of this Order to all counsel of record.

It is so ordered.

Entered this __20th__ day of March, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Broggin pleads one negligence *per se* count per Defendant; however, those counts each rely on multiple statutes or codes as the sources of potential duties. Defendants did not object to this shotgun approach (*i.e.*, having multiple distinct theories in a single count). Therefore, Counts II and IV can proceed to discovery based on the sufficiency of Broggin's SPFC allegations. Broggin should be prepared, however, for the Court to conduct a more searching inquiry of her building code theories at the summary judgment stage.